PS 8 Revised 07
MD/TN Revised 06/13

# UNITED STATES DISTRICT COURT
## for the
## MIDDLE DISTRICT OF TENNESSEE

U.S.A. vs. John Winston Fisher, Jr.  Docket No. 0650 3:13CR00091 - 2

### Petition for Action on Conditions of Pretrial Release

COMES NOW Dariel S Blackledge-White, PRETRIAL SERVICES OFFICER presenting an official report upon the conduct of defendant John Winston Fisher, Jr. who was placed under pretrial release supervision by the Honorable John S. Bryant, U.S. Magistrate Judge sitting in the Court at **Nashville, Tennessee**, on June 06, 2013, under the following conditions: Please reference the attached Order Setting Conditions of Release.

Respectfully presenting petition for action of Court and for cause as follows:
Please reference page two of this document.

I declare under penalty of perjury that the foregoing is true and correct.

| Dariel S Blackledge-White | Nashville, TN | December 17, 2013 |
|---|---|---|
| U.S. Pretrial Services Officer | Place: | Date: |

Next Scheduled Court Event  **Pretrial Status Conference**  February 24, 2014
  Event  Date

---

### PETITIONING THE COURT

☐ No Action  ☒ To issue an order setting a hearing on the petition
☐ To Issue a Warrant  ☐ Other

---

THE COURT ORDERS:
☐ No Action
☐ The Issuance of a Warrant.
  ☐ Sealed Pending Warrant Execution
    (cc: U.S. Probation and U.S. Marshals only)
☐ Other

☒ A Hearing on the Petition is set for

January 8, 2014 at 1:30 P.M.
Date                      Time

Considered and ordered this 19th day of December, 2013, and ordered filed and made a part of the records in the above case.

Honorable John S. Bryant
U.S. Magistrate Judge

Honorable John S. Bryant
U.S. Magistrate Judge
Petition for Action on
FISHER, JOHN
Case No. 3:13-CR-00091-02
December 17, 2013

On May 31, 2013, defendant John Fisher appeared before Your Honor for an Initial Appearance as a result of being charged with the following counts, to wit:

    Ct. 1: Conspiracy to Commit Mail Fraud;
    Ct. 2: Mail Fraud; and
    Ct. 3: Arson.

The Government filed a Motion for Detention, and a bond hearing was held on June 6, 2013. At the conclusion of the hearing, the defendant was released on a personal recognizance bond with pretrial supervision. His father, John W. Fisher, Sr., was named as the defendant's third-party custodian.

**Special Conditions of Release:**

Please reference the attached Order Setting Conditions of Release.

**VIOLATION(S):**

**Violation No. 1: The defendant must not violate any federal, state or local law while on release.**

On December 8, 2013, a Wilson County Sheriff's Office deputy responded to 198 Africa Road, Lebanon, Tennessee, to investigate claims that a woman reportedly was outside with only part of her clothing on. The officer arrived on the scene and discovered that the female, who was identified as Sarah Guffey (the defendant's girlfriend), had been taken into the residence by family members.

A records check revealed Ms. Guffey had an active warrant for Failure to Appear. The officer attempted to enter the home, but Ms. Guffey's family refused to allow him admittance. According to the deputy, he repeatedly advised that Ms. Guffey had active warrants and explained hindering the service of warrants/process.

Other officers arrived on the scene and, after several minutes, they were allowed entry into the residence. Officers discovered Ms. Guffey had exited the home via a rear door and was fleeing into the woods located behind the home. A pursuit ensued, and officers repeatedly commanded her to stop. She failed to heed the officer's directives but was eventually apprehended.

The affidavit specifically accused Mr. Fisher of knowingly delaying the deputies from entering the residence to serve the warrant, which provided Ms. Guffey with adequate time to formulate and execute a plan of escape.

On December 11, 2013, Mr. Fisher contacted the supervising officer both by telephone and email to advise of the new arrest. On December 12, 2013, the defendant and his attorney reported to the

2

Honorable John S. Bryant
U.S. Magistrate Judge
Petition for Action on
FISHER, JOHN
Case No. 3:13-CR-00091-02
December 17, 2013

Probation and Pretrial Services Office and submitted Affidavits of Complaint for both the defendant and Ms. Guffey.

A review of the affidavit reveals that the defendant was charged with Resisting Arrest (Obstruction of Service) in the General Sessions Court of Wilson County, Tennessee (Case No. 166524). Mr. Fisher posted a $1,500 secured bond and was released from custody. His initial appearance is scheduled for February 27, 2014, at 9 a.m.

**Current Status of Case:**

A pretrial conference is set for February 24, 2014, and trial has been set for February 25, 2014.

**Probation Officer Action:**

On December 11, 2013, this officer spoke with the defendant regarding this arrest. Also, this officer reviewed several emails sent by the defendant in which he provided his statement regarding the events leading up to his arrest. In one email, Mr. Fisher advised his father was unaware of his new arrest. As of this writing, the third-party custodian has not contacted this officer to advise of the defendant's new arrest.

As previously noted, on December 12, 2013, defendant Fisher and his attorney met with this officer. This officer reiterated to the defendant that a Petition for Action on Conditions of Pretrial Release would be submitted to the Court.

**Respectfully Petitioning the Court as Follows:**

As the defendant has been arrested on new charges, Pretrial Services respectfully recommends that the Court order him to appear to show cause as to why his bond should not be revoked.

Assistant U.S. Attorney Scarlett Singleton has been advised of the above violations.

Approved:

William Burton Putman
Supervisory U.S. Probation Officer

xc:   Scarlett Singleton, Assistant U.S. Attorney
      Isaiah Gant, Defense Counsel

Enclosures

# UNITED STATES DISTRICT COURT
for the

Middle District of Tennessee

| | |
|---|---|
| United States of America<br>v.<br><br>__John Fisher__<br>*Defendant* | )<br>)<br>) Case No. 3:13-00091<br>)<br>) |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1) The defendant must not violate any federal, state or local law while on release.

(2) The defendant must cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.

(3) The defendant must immediately advise the court, defense counsel, and the U.S. attorney in writing before any change in address or telephone number.

(4) The defendant must appear in court as required and must surrender to serve any sentence imposed

The defendant must appear at *(if blank, to be notified)* __to be notified__
*Place*

_____ on _____
*Date and Time*

### Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released on condition that:

( ✔ ) (5) The defendant promises to appear in court as required and surrender to serve any sentence imposed.

(   ) (6) The defendant executes an unsecured bond binding the defendant to pay to the United States the sum of
_____ dollars ($ _____ )
in the event of a failure to appear as required or surrender to serve any sentence imposed.

SCANNED

**ENTERED**
JUN 2 1 2013

## ADDITIONAL CONDITIONS OF RELEASE

Upon finding that release by one of the above methods will not by itself reasonably assure the defendant's appearance and the safety of other persons or the community, IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

(X) (7) The defendant is placed in the custody of:
Person or organization __JOHN W. FISHER, SR.__
Address *(only if above is an organization)*
City and state __MT. JULIET, TENNESSEE__    Tel. No. *(only if above is an organization)*
who agrees (a) to supervise the defendant in accordance with all of the conditions of release, (b) to use every effort to assure the defendant's appearance at all scheduled court proceedings, and (c) to notify the court immediately if the defendant violates any condition of release or disappears.

Signed: __John W. Fisher Sr.   6/6/13__
        Custodian or Proxy                  Date

(X) (8) The defendant must:
- (X) (a) report to the __Pretrial Services Office as directed__, telephone number __(615) 736-5771__, no later than _____.
- ( ) (b) execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property:
- ( ) (c) post with the court the following proof of ownership of the designated property, or the following amount or percentage of the above-described sum
- ( ) (d) execute a bail bond with solvent sureties in the amount of $ _____.
- JF (X) (e) maintain or actively seek employment.
- ( ) (f) maintain or commence an education program.
- JF (X) (g) surrender any passport to: __Pretrial Services__.
- JF (X) (h) obtain no passport.
- JF (X) (i) abide by the following restrictions on personal association, place of abode, or travel: __Travel is restricted to Middle District of Tennessee unless otherwise approved in advance by Pretrial Services__.
- JF (X) (j) avoid all contact, directly or indirectly, with any person who is or may become a victim or potential witness in the investigation or prosecution, including but not limited to: __co-defendants__.
- ( ) (k) undergo medical or psychiatric treatment or remain in an institution as follows:
- ( ) (l) return to custody each (week) day at ___ o'clock after being released each (week) day at ___ o'clock for employment, schooling, or the following purpose(s):
- ( ) (m) maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.
- JF (X) (n) refrain from possessing a firearm, destructive device, or other dangerous weapons.
- JF (X) (o) refrain from ( ) any (X) excessive use of alcohol.
- JF (X) (p) refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
- JF (X) (q) submit to any testing required by the pretrial services office or the supervising officer to determine whether the defendant is using a prohibited substance. Any testing may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or monitoring which is (are) required as a condition of release.
- ( ) (r) participate in a program of inpatient or outpatient substance abuse therapy and counseling if the pretrial services office or supervising officer considers it advisable.
- ( ) (s) participate in one of the following location monitoring program components and abide by its requirements as the pretrial services officer or supervising officer instructs.
  - ( ) (i) Curfew. You are restricted to your residence every day ( ) from ___ to ___, or ( ) as directed by the pretrial services office or supervising officer; or
  - ( ) (ii) Home Detention. You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre-approved by the pretrial services office or supervising officer; or
  - ( ) (iii) Home Incarceration. You are restricted to 24-hour-a-day lock-down except for medical necessities and court appearances or other activities specifically approved by the court.
- ( ) (t) submit to the location monitoring indicated below and abide by all of the program requirements and instructions provided by the pretrial services officer or supervising officer related to the proper operation of the technology.
  - ( ) The defendant must pay all or part of the cost of the program based upon your ability to pay as the pretrial services office or supervising officer determines.
    - ( ) (i) Location monitoring technology as directed by the pretrial services officer or supervising officer;
    - ( ) (ii) Radio Frequency (RF) monitoring;
    - ( ) (iii) Passive Global Positioning Satellite (GPS) monitoring;
    - ( ) (iv) Active Global Positioning Satellite (GPS) monitoring (including "hybrid" (Active/Passive) GPS);
    - ( ) (v) Voice Recognition monitoring.
- JF (X) (u) report as soon as possible, __any event within 48 hours__ to the pretrial services office or supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.
- JF (X) (v) Defendant shall permit a pretrial services officer to visit him/her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the officer.

JF (X) __Defendant shall live with his father at his father's residence while on release.__

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (i.e., in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:
(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_[signature] 6-6-13_
Defendant's Signature

_Nashville / TN._
City and State

### Directions to the United States Marshal

( X ) The defendant is ORDERED released after processing.
(   ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date:    June 6, 2013             _John Bryant_
                                  Judicial Officer's Signature

                                  JOHN S. BRYANT, U.S. MAGISTRATE JUDGE
                                  Printed name and title

DISTRIBUTION:   COURT   DEFENDANT   PRETRIAL SERVICE   U.S. ATTORNEY   U.S. MARSHAL

| STATE OF TENNESSEE | AFFIDAVIT OF COMPLAINT | Case Number 166524 |
|---|---|---|



IN THE
GENERAL SESSIONS COURT
OF WILSON COUNTY
STATE OF TENNESSEE

VS.  John W Fisher Jr.
DOB 08/10/78

The undersigned affiant, after being duly sworn according to the law, states that Defendant John W Fisher Jr. committed the offense Resisting Arrest (Obstruction of service - Warrant) TCA 39-16-602(c) in the above county, on or about, 8 December, 20 13.

Further, affiant makes oath that the essential facts constituting said offense, the sources of affiant's information and the reasons why his/her information is believable concerning said facts are as follows:

Deputy Anderson responded to 198 Africa Road Wilson County Tennessee for a check on the welfare of a female subject noticed outside with only part of her clothing. The deputy investigation reveals the female, Sarah Guffey, had been taken inside a residence by her family. The deputy conducted a routine check for active warrants that shows an active FTA warrant in Wilson County.
The uniformed deputy attempted to enter the home but was refused admittance by the family; the deputy repeatedly explained the facts about hindering the service of warrants/process and that Ms Guffey had valid active warrants.
After several minutes of delay the officers were allowed inside to find that Ms Guffey had left out the back door and was fleeing in the woods behind the residence. The uniformed officers pursued, locating her in the woods and repeated commanded for her to stop. The defendant failed to heed the deputy's numerous commands but was apprehended
Sarah Guffey intentionally fled from the uniformed officer to avoid arrest
The defendant John W Fisher,Jr knowingly delayed the deputies from entering the home to serve the warrant providing Sarah Guffey adequate time to formulate and execute a plan of escape.

Violation TCA 39-16-602(c) Resisting Arrest ( Obstruction of Service-Warrant)

WITNESSES:
Affiant: _____
105 East High Street, Lebanon, TN

Sworn and subscribed before me this 8 December, 20 13.
_____ Judge/Clerk
Warrant issued: 8 December, 20 13

| STATE OF TENNESSEE | ARREST WARRANT | Case Number 166524 |
|---|---|---|

IN THE GENERAL SESSIONS COURT OF WILSON COUNTY
STATE OF TENNESSEE

To Any Lawful Officer of the State:
Based upon the affidavit of complaint made and sworn to before me by Anderson- WCSO, there is probable cause to believe that the offense of Resisting Arrest (Obstruction of service - Warrant) TCA 39-16-602(c) was committed in Wilson County, Tennessee, and charging John W Fisher Jr. thereof, you are therefore commanded in the name of the State of Tennessee, to forthwith to arrest and bring the said accused person before the Court of General Sessions of Wilson County, Tennessee, to answer the said charges.

This 8 day of December, 20 13
_____ Judge - Clerk - Commissioner

## JUDGEMENT THAT THE DEFENDANT BE:

- ❏ Defendant having failed to appear on the date set for trial, a forfeiture of cash bond is hereby Ordered and the issuance of a Warrant for Failure to Appear is hereby Ordered.
- ❏ Fined $ _____ and cost on a plea of _____

and sentenced to serve _____ days in the County Jail at _____%, all suspended except for _____ days on good behavior for _____ months. Credit for _____ days served.

- ❏ Bound over to Wilson County Grand Jury. Bond set at $_____.
- ❏ Conditional  ❏ Preliminary Hearing  ❏ Waived Preliminary Hearing
- ❏ Not Guilty
- ❏ _____

- ❏ This case shall be reviewed on _____
- ❏ Defendant shall pay fine, cost and restitution on Probation at a rate $_____ Every other week. First payment due _____
- ❏ Defendant required to _____ submit to random drug test for _____ months. Attend:
  - ___ Anger Management      ___ Alcohol & Drug Assessment
  - ___ Drug Education Course  ___ Domestic Violence
  - ___ Issues in Honesty      ___ Other _____
- ❏ Defendant required to stay away from _____

_____
Judge
Dated this the _____ day of _____, 20_____

## WAIVERS

**1. Grand Jury and Trial by Jury**
Defendant, _____
After being full advised of his/her rights to be tried only upon indictment or presentment by a Grand Jury and to trial by a jury of peers.

_____
Defendant

_____
Judge/Witness

**2. Preliminary Examination**
Defendant, _____
Hereby expressly waives his/her right to a preliminary hearing.

_____
Defendant

_____
Judge/Witness

**3. Right to counsel**
Defendant, _____
after being full advised of his/her right to aid of counsel in every stage of the procedings, and further having been advised that if necessary an attorney will be appointed to represent the defendant, hereby waiver his/her right to counsel

_____
Defendant

_____
Judge/Witness
Date: _____, 20_____

---

STATE OF TENNESSEE
vs.
John W. Fisher Jr
198 Africa Rd
Lebanon TN 803 5/10/78
SSN 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 DL#088284009
CHARGE(S): Resisting Arrest
Obstruction of Service TCA

INITIAL APPEARANCE DATE
27 Feb, 2014 AT @ A.M. / P.M.
Bond set at $ 1500

Continued: _____
Continued: _____
Attorney for Defendant: _____

Issued: [signature] 20/3
Judge, Clerk, Commissioner

Received: _____, 20_____

Authorized Officer
SCN 2300075631

**RETURN ON SERVICE**
❏ Executed as commanded by the arrest of the defendant [signature] John Fisher Jr
❏ Defendant not to be found in this county.
Date: 12/8, 20/3
[signature] Authorized Officer

2013-CR-80655
DK